UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMAICA BEACH STR ASSOCIATION, DEBRA TABBERT, MARISOL GARZA-FLOREZ, PARAS RANA, and VICTOR CARRION | § § § § § | |
| Plaintiffs, | § § | Cause No. 3:26-cv-00031 |
| vs. | § § § | |
| CITY OF JAMAICA BEACH, TEXAS and PAM JOSSELET in her OFFICIAL CAPACITY as an employee of the City of Jamica Beach, Texas, | § § § § | |
| Defendants. | | |

**DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Defendants City of Jamaica Beach, Texas (the "City") and Pam Josselet, in her official capacity as an employee of the City of Jamaica Beach, Texas (collectively, "Defendants"), and file this their Original Answer to the Original Complaint and Request for Injunctive Relief ("the Complaint") of Jamaica Beach STR Association, Debra Tabbert, Marisol Garza-Florez, Paras Rana, and Victor Carrion (collectively, "Plaintiffs"), and respectfully state and allege as follows.

1. Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations in Paragraph 2 of the Complaint regarding Jamaica Beach STR Association's alleged associational standing. Otherwise, Defendants are unable to admit or deny such entity's claimed purposes or composition.

3. Defendants are unable to admit or deny the allegations regarding Debra Tabbert in Paragraph 3 of the Complaint.

4. Defendants are unable to admit or deny the allegations regarding Marisol Garza-Florez in Paragraph 4 of the Complaint.

5. Defendants are unable to admit or deny the allegations regarding Paras Rana in Paragraph 5 of the Complaint.

6. Defendants are unable to admit or deny the allegations regarding Victor Carrion in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in the first sentence of Paragraph 7 of the Complaint. Defendants further admit that they have appeared in this lawsuit by this filing.

8. Defendants admit that Pam Josselet was an employee of the City and helped oversee its STR program as of the date the lawsuit was filed. Defendants further admit that they have appeared in this lawsuit by this filing, and that Plaintiffs are suing Pam Josselet in her official capacity only. Defendants otherwise deny the allegations in Paragraph 8 of the Complaint.

9. Defendants are unable to admit or deny whether the Attorney General of Texas is being served a copy of the Complaint. Otherwise, Paragraph 9 of the Complaint contains legal propositions to which no response is required.

10. Paragraph 10 of the Complaint contains legal propositions to which no response is required.

11. Paragraph 11 of the Complaint contains legal propositions to which no response is required.

12. Defendants deny that the City's law is constitutionally invalid. Otherwise, Paragraph 12 of the Complaint contains legal propositions to which no response is required.

13. Defendants deny that Jamaica Beach STR Association has associational standing. Otherwise, Paragraph 13 of the Complaint contains legal propositions to which no response is required.

14. Paragraph 14 of the Complaint contains legal propositions to which no response is required.

15. Defendants deny the allegations in Paragraph 15 of the Complaint and its preceding Header A.

16. Defendants are unable to admit or deny landlord behavior "for centuries," or "before Texas was a state." Otherwise, Defendants deny the allegations in Paragraph 16 of the Complaint including its Footnote 3.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants have no obligation to admit or deny vague allegations regarding "people," "homeowners," or "tenants." Defendants otherwise deny the allegations in Paragraph 18 of the Complaint.

19. Defendants have no obligation to admit or deny vague allegations regarding what various cities have sought or how those cities have been challenged. Defendants otherwise deny the allegations in Paragraph 19 of the Complaint.

20. Defendants have no obligation to admit or deny vague allegations regarding local regulations in Texas or what they claim. Defendants otherwise deny the allegations in Paragraph 20 of the Complaint and its preceding Header B.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny that homeowners in the City have the "right" to lease their property for short terms or that all homeowners in the City have "enjoyed" such alleged right. Otherwise, Defendants admit the allegations in Paragraph 25 of the Complaint and its preceding Header C.

26. Defendants have no obligation to admit or deny vague allegations regarding "owners" or "homeowners." Defendants otherwise deny the allegations in Paragraph 26 of the Complaint.

27. Defendants have no obligation to admit or deny vague allegations regarding "homeowners." Defendants otherwise deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint and its preceding Header D.

29. Defendants admit the adoption of Ordinance No. 2021-06 and that its contents are what they are. Defendants otherwise deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants admit the adoption of its various Ordinances and that their contents are what they are. Defendants otherwise deny the allegations in Paragraph 31 of the Complaint and its Footnote 7.

32. Defendants admit the adoption of its various Ordinances and that their contents are what they are. Defendants otherwise deny the allegations in Paragraph 32 of the Complaint.

33. Defendants admit the adoption of its various Ordinances and that their contents are what they are. Defendants otherwise deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants admit the adoption of its various Ordinances and that their contents are what they are. Defendants otherwise deny the allegations in Paragraph 35 of the Complaint.

36. Defendants admit the adoption of its various Ordinances and that their contents are what they are. Defendants otherwise deny the allegations in Paragraph 36 of the Complaint.

37. Defendants admit the adoption of its various Ordinances and that their contents are what they are. Defendants otherwise deny the allegations in Paragraph 37 of the Complaint.

38. Defendants admit the adoption of its various Ordinances and that their contents are what they are. Defendants otherwise deny the allegations in Paragraph 38 of the Complaint.

39. Defendants are unable to admit or deny whether "some owners" had "longstanding practices" or that their violations of City ordinances were done "unwittingly." Defendants otherwise deny the allegations in Paragraph 39 of the Complaint.

40. Defendants admit that short-term rentals must receive City registration and that violation of governing Ordinances can result in fines or other regulatory actions. Defendants otherwise deny the allegations in Paragraph 40 of the Complaint.

41. Defendants admit that short-term rentals must receive City registration and that violation of governing Ordinances have resulted in fines or other regulatory actions. Defendants otherwise deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants admit that short-term rentals must receive City registration and that discovered violation of governing Ordinances can result in fines or other regulatory actions. Defendants otherwise deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants admit that short-term rentals must receive City registration and that discovered violation of governing Ordinances can result in fines or other regulatory actions. Defendants otherwise deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants admit the adoption of its Ordinance No. 2026-01 and that its contents are what they are. Defendants otherwise deny the allegations in Paragraph 49 of the Complaint and its preceding Header F.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants admit the adoption of its Ordinance No. 2026-01 and that its contents are what they are. Defendants otherwise deny the allegations in Paragraph 51 of the Complaint.

52. Defendants admit the allegations in Paragraph 52 of the Complaint and its Footnote 9.

53. Defendants admit the adoption of its Ordinance No. 2026-01 and that its contents are what they are. Defendants otherwise deny the allegations in Paragraph 53 of the Complaint.

54. Defendants admit the adoption of its Ordinance No. 2026-01 and that its contents are what they are. Defendants otherwise deny the allegations in Paragraph 54 of the Complaint.

55. Defendants admit the adoption of its Ordinance No. 2026-01 and that its contents are what they are. Defendants otherwise deny the allegations in Paragraph 55 of the Complaint.

56. Defendants admit the City treats short-term rentals differently from long-term residences. Defendants otherwise deny the allegations in Paragraph 56 of the Complaint.

57. Defendants admit that Pam Josselet worked on the issuance of many short-term rental licensing decisions. Defendants otherwise deny the allegations in Paragraph 57 of the Complaint and its preceding Header G.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants are unable to admit or deny the date Debra Tabbert "purchased." Defendants admit that the use of ground-level areas is restricted under the City's Ordinance. Defendants otherwise deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants are unable to admit or deny the conduct or emotions of Marisol Garza-Florez. Defendants admit that short-term rentals must receive City registration and that discovered violation of governing Ordinances can result in fines or other regulatory actions. Defendants otherwise deny the allegations in Paragraph 62 of the Complaint.

63. Defendants are unable to admit or deny the conduct or life plans of unnamed homeowners. Defendants otherwise deny the allegations in Paragraph 63 of the Complaint.

64. No response is required to Paragraph 64 of the Complaint and its preceding Header "Count I."

65. Paragraph 65 of the Complaint contains legal propositions to which no response is required.

66. Paragraph 66 of the Complaint contains legal propositions to which no response is required.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants admit the language of the *Spann* opinion but deny that opinion's applicability to this suit. Defendants are unable to admit or deny vague allegations of "evidence" "going back decades." Defendants otherwise deny the allegations of Paragraph 69 of the Complaint.

70. Defendants are unable to admit or deny allegations of when individuals "purchased or obtained title" to homes. Defendants otherwise deny the allegations of Paragraph 70 of the Complaint.

71. Defendants are unable to admit or deny allegations of when individuals "purchased" properties. Defendants otherwise deny the allegations of Paragraph 71 of the Complaint.

72. Defendants are unable to admit or deny allegations of when individuals "bought" properties. Defendants otherwise deny the allegations of Paragraph 72 of the Complaint.

73. Defendants are unable to admit or deny allegations of when individuals "bought" properties. Defendants otherwise deny the allegations of Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. No response is required to Paragraph 76 of the Complaint and its preceding Header "Count II."

77. Paragraph 77 of the Complaint contains legal propositions to which no response is required.

78. Paragraph 78 of the Complaint contains legal propositions to which no response is required.

79. The first sentence of Paragraph 79 of the Complaint contains legal propositions to which no response is required. Defendants admit that short-term rentals are "treated differently" from long-term residential use of homes. Defendants otherwise deny the allegations of Paragraph 79 of the Complaint.

80. Defendants admit that short-term rentals are "treated differently" from long-term residential use of homes. Defendants otherwise deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants admit the contents of federal law set forth in Footnote 11. Defendants otherwise deny the allegations in Paragraph 84 of the Complaint.

85. No response is required to Paragraph 85 of the Complaint and its preceding Header "Count III."

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants deny any categorical rule requiring evidentiary hearings any time property rights are alleged. Otherwise, Paragraph 87 of the Complaint contains legal propositions to which no response is required.

88. Defendants deny any categorical rule requiring more stringent procedures any time property rights are alleged. Otherwise, Paragraph 88 of the Complaint contains legal propositions to which no response is required.

89. Paragraph 89 of the Complaint contains legal propositions to which no response is required.

90. Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. No response is required to Paragraph 92 of the Complaint and its preceding Header "Count IV" and Header A.

93. Paragraph 93 of the Complaint contains legal propositions to which no response is required.

94. Paragraph 94 of the Complaint contains legal propositions to which no response is required.

95. Defendants deny the allegations in Paragraph 95 of the Complaint.

96. The first sentence of Paragraph 96 of the Complaint contains legal propositions to which no response is required. Defendants deny the remaining allegations in Paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint contains legal propositions to which no response is required.

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

99. Defendants deny the allegations in Paragraph 99 of the Complaint.

100. Defendants deny the allegations in Paragraph 100 of the Complaint.

101. Defendants deny the allegations in Paragraph 101 of the Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Complaint.

103. No response is required to Paragraph 103 of the Complaint and its preceding Header B.

104. Paragraph 104 of the Complaint contains legal propositions to which no response is required.

105. Defendants deny the allegations in Paragraph 105 of the Complaint.

106. Defendants admit that short-term rentals require "an application for a license." Defendants otherwise deny the allegations in Paragraph 106 of the Complaint.

107. Defendants deny the allegations in Paragraph 107 of the Complaint.

108. Defendants deny the allegations in Paragraph 108 of the Complaint.

109. The first sentence of Paragraph 109 of the Complaint contains legal propositions to which no response is required. Defendants deny the allegations in the second sentence of Paragraph 109 of the Complaint.

110. No response is required to Paragraph 110 of the Complaint and its preceding Header "DECLARATORY RELIEF."

111. Defendants are unable to admit or deny any alleged harm to any of the individual plaintiffs or the members of Jamaica Beach STR Association. Defendants otherwise deny the allegations in Paragraph 111 of the Complaint, including the assertions of associational standing by Jamaica Beach STR Association.

112. Defendants deny the allegations in Paragraph 112 of the Complaint.

113. No response is required to Paragraph 113 of the Complaint and its preceding Header "REQUEST FOR PRELIMINARY INJUNCTION."

114. Defendants are unable to admit or deny allegations of when individuals "owned" properties. Defendants admit that they generally intend to enforce the City's 2026 Ordinance. Defendants otherwise deny the allegations of Paragraph 114 of the Complaint.

115. Defendants are unable to admit or deny any alleged harm to any of the individual plaintiffs or the members of Jamaica Beach STR Association. Defendants otherwise deny the allegations in Paragraph 115 of the Complaint.

116. Defendants admit Plaintiffs are asking for a preliminary injunction but are unable to admit or deny the stated motivations of Plaintiffs as set forth in the first sentence of Paragraph 116 of the Original Complaint. The second sentence of Paragraph 116 of the Complaint contains legal propositions to which no response is required.

117. Defendants deny the allegations in Paragraph 117 of the Complaint.

118. Defendants are unable to admit or deny whether any of the individual plaintiffs or the members of Jamaica Beach STR Association "have already suffered injuries." Defendants otherwise deny the allegations in Paragraph 118 of the Complaint.

119. Defendants admit the City has "other ordinances and laws" some of which address concerns relevant to short-term rentals. Defendants otherwise deny the allegations in Paragraph 119 of the Complaint.

120. Defendants deny the allegations in Paragraph 120 of the Complaint.

121. Defendants deny the allegations in Paragraph 121 of the Complaint.

122. Defendants admit Plaintiffs are asking for certain relief by their lawsuit. Defendants otherwise deny the allegations in Paragraph 122 of the Complaint.

123. Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer in Defendants' Complaint.

124. Plaintiffs' claims fail, in whole or in part, for failure to state a claim on which relief may be granted.

125. Plaintiffs' claims fail to the extent they are premature.

126. Plaintiffs' claims are barred by waiver, estoppel, equitable estoppel, and unclean hands.

127. Plaintiffs' claims are barred, in whole or in part, for failure to satisfy conditions precedent, as unripe, and as barred for failure to exhaust administrative remedies.

128. Plaintiffs' claims are barred, in whole or in part, by lack of associational standing, or otherwise by lack of constitutional standing.

129. Plaintiffs' claims are barred, in whole or in part, by governmental immunity and lack of jurisdiction.

130. Defendants seek their attorneys' fees incurred in their defense of this lawsuit, pursuant to Texas Civil Practice and Remedies Code chapter 37 and 42 U.S.C. section 1988.

                                          Respectfully submitted,

By: _____
      Ryan D. V. Greene
      State Bar No. 24012730
      TERRILL & WALDROP
      810 West 10th Street
      Austin, Texas 78701
      (512) 474-9100
      (512) 474-9888 (Facsimile)
      rgreene@terrillwaldrop.com

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that the following counsel are being served on February 27, 2026, with a copy of this document via the Court's CM/ECF system.

Andrew J. Mytelka
Angie Olalde
GREER HERZ & ADAMS LLP
One Moody Plaza, 18th Floor
Galveston, Texas 77550

J, Patrick Sutton
GOTTFRIED ALEXANDER LAW FIRM
1505 W. 6th Street
Austin, Texas 78703

                                            Ryan D. V. Greene