CITY OF JAMAICA BEACH, TEXAS

ORDINANCE NO. 2026-01

AN ORDINANCE REPEALING ORDINANCE 2025-03 IN ITS ENTIRETY; ESTABLISHING COMPREHENSIVE REGULATIONS, REGISTRATION, AND ENFORCEMENT FOR SHORT-TERM RENTALS; PROVIDING PENALTIES; AND PROVIDING AN EFFECTIVE DATE.

**WHEREAS**, the City Council of the City of Jamaica Beach, Texas ("City Council") finds it in the best interest of the City, its residents, and visitors to adopt comprehensive regulations for the use of privately owned dwellings as Short-Term Rentals; and

**WHEREAS**, the City Council has determined that Ordinance 2025-03 and its amendments no longer adequately address current conditions, enforcement challenges, and best practices demonstrated by comparable Texas coastal communities, and that a comprehensive replacement ordinance is necessary to strengthen neighborhood protections, improve administrative efficiency, and ensure consistent and effective regulation of Short-Term Rentals; and

**WHEREAS**, the City Council seeks to minimize negative impacts of transient occupancy—including noise, overcrowding, parking congestion, trash, fire risk, and emergency access concerns—while preserving neighborhood character and supporting responsible tourism; and

**WHEREAS**, the City Council finds it necessary to require registration, fees, occupancy limits, and life-safety standards for Short-Term Rentals to protect the health, safety, and welfare of occupants, neighbors, and the general public, and to ensure the collection and payment of Hotel Occupancy Tax as required by State law; and

**WHEREAS**, comparable Texas coastal municipalities, including the City of Galveston, have adopted regulations that impose strict owner accountability for guest violations, and the City Council finds that Jamaica Beach must adopt equally robust measures tailored to local conditions; and

**WHEREAS**, the fees established by this Ordinance are reasonably related to the City's administrative costs for registration, inspection, enforcement, and Hotel Occupancy Tax collection; and

**WHEREAS**, the City Council finds that an enforcement system—using criminal citations for guest conduct and administrative enforcement for owner and operator obligations, operating independently of criminal convictions under Texas Local Government Code §54.001—provides a fair and effective mechanism to achieve timely compliance and protect neighborhoods; and

**WHEREAS**, Texas Local Government Code Chapters 51 and 54 authorize the City Council to conduct administrative hearings and to suspend or revoke municipal registrations,

including Short-Term Rental registrations, following notice and an opportunity to be heard; and

**NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF JAMAICA BEACH, TEXAS:**

**SECTION 1.** That the findings and recitations set out in the preamble to this Ordinance are hereby adopted by the City Council and made a part hereof for all purposes.

**SECTION 2.** Ordinance 2025-03 and all amendments thereto are hereby repealed in their entirety.

**SECTION 3.** Short-Term Rental Regulations.

**ARTICLE 1 – DEFINITIONS**

As used in this Ordinance, the following terms shall have the following meanings:

A. *Absolute Maximum Occupancy* – No Short-Term Rental shall be advertised, listed, registered, or offered for occupancy by more than twelve (12) persons at any time.
B. *Citation* - A written notice or summons issued by a peace officer or other authorized City official alleging a violation of this Ordinance or any other applicable City ordinance or state law, including but not limited to citations issued under Texas Local Government Code § 54.001. A Citation may be issued to a guest, occupant, Owner, Operator, or other responsible person and is independent of any subsequent criminal prosecution or court disposition.
C. *City* – The City of Jamaica Beach, Texas.
D. *Compliant Living Area Square Footage* – Square footage as listed for the Short-Term Rental address on the Galveston County Appraisal District that is also FEMA compliant, defined as the elevated living area above the base flood elevation per Federal Emergency Management Agency (FEMA) National Flood Insurance Program (NFIP) standards.
E. *Guest* – The overnight occupant(s) renting a Short-Term Rental for a specified period and the daytime visitors of the overnight occupant(s).
F. *Hotel Occupancy Tax Payment* - the actual remittance of all hotel occupancy taxes owed to the City for a given reporting period, including any applicable penalties or interest required under State law.
G. *Hotel Occupancy Tax Report* - A quarterly report is required by the City for each Short-Term Rental Registration Number, even if the amount of tax due is zero. Quarterly Hotel Occupancy Tax Reports are required every quarter regardless of rental activity, platform usage, or tax liability. For purposes of reporting, Owners shall use one of the following report types:
   1. *Zero Earnings HOT Report* – used when the property had no bookings or gross rental earnings during the reporting period.
   2. *Airbnb/VRBO Earnings Only – No Additional HOT Due Report* – used when all bookings for the reporting period were made exclusively through Airbnb

and/or VRBO on or after November 1, 2024, and the property is not operated by an Integrated Property Manager.
3. *Hotel Occupancy Tax Report – Outstanding Tax Due Report* – used for all other circumstances, including any booking activity on any platform or by any method that results in Hotel Occupancy Tax owed to the City. This report type requires detailed booking information from each platform or booking method used during the quarter, including:
   a) gross nightly rental receipts;
   b) credit resolutions (guest refunds);
   c) cleaning fees, pet fees, or other guest charges; and
   d) proof of automatically remitted taxes from Airbnb and/or VRBO for each Short-Term Rental Registration Number.

H. *Imminent Safety Concern* – A condition, as determined by the Fire Marshal, Building Official, Code Enforcement Officer, or a peace officer, that presents an immediate and substantial risk of serious injury, loss of life, or significant property damage if not promptly corrected. Imminent Safety Concerns include, but are not limited to: failure of required life-safety systems; exposed or damaged electrical wiring; structural instability; blocked or inaccessible means of egress; gas leaks; hazardous materials; improper or non-functioning swimming pool safety equipment or barriers; or any condition that prevents safe entry or exit from the dwelling.

I. *Integrated Property Manager* – A property manager or management company engaged by the Owner or Operator that handles all primary operational functions of a Short-Term Rental through one coordinated system, platform, or service, including but not limited to guest communications, booking management, advertising, payment processing, turnover coordination, and compliance support. Properties utilizing an Integrated Property Manager must:
   1. Report all gross rental earnings for the Short-Term Rental in the Quarterly Hotel Occupancy Tax Report required under this Ordinance, regardless of platform used; and
   2. Provide complete detailed booking information for each reporting period as part of the Quarterly Hotel Occupancy Tax Report; and
   3. Remit all Hotel Occupancy Taxes directly to the City of Jamaica Beach, including any penalties or interest owed under State law.

Use of an Integrated Property Manager does not relieve the Owner or Operator of responsibility for compliance with this Ordinance, and the Integrated Property Manager may not remit Hotel Occupancy Tax on a net-of-commission basis.

J. *Local Responsible Party* – The Owner, Operator, or person designated by the Owner or the Operator, who shall be available for the purpose of responding to concerns or requests for assistance related to the Owner's Short-Term Rental and who resides or has an office within Galveston County. The Local Responsible Party shall be authorized by the Owner or Operator to make decisions regarding the premises and

K. *Long Term Rental* – The rental or lease of a residential dwelling for thirty (30) consecutive days or more to the same occupant under a single written lease agreement. Consecutive or back-to-back rental agreements of less than thirty (30) days with the same or different occupants shall not constitute a Long-Term Rental. Long-Term Rentals are not subject to the Short-Term Rental regulations in this Ordinance.

its occupants, including the authority to enforce rental rules, require corrective action, and take reasonable steps to address violations or nuisance conditions.

L. *Maximum Occupancy* – The maximum occupancy shall be whichever is less: (a) two (2) persons per Qualified Bedroom, plus four (4) additional persons; or (b) Compliant Living Area Square Footage divided by 150 square feet rounded up; in no event shall the Maximum Occupancy exceed the Absolute Maximum Occupancy of twelve (12) persons established in article 1.A (Absolute Maximum Occupancy).

M. *Nuisance Violation* – Any act or omission by guests, occupants, or operators causing excessive noise, trash accumulation, unauthorized parking, or other disturbances documented by City staff or law enforcement.

N. *Offering* - Any public or private communication, posting, listing, solicitation, digital or printed material, or word-of-mouth arrangement that markets, promotes, or otherwise intends to make a dwelling available for use as a Short-Term Rental, regardless of platform, medium, or whether a reservation is finalized or consideration is paid.

O. *Operator* – The Owner or the Owner's authorized representative who is responsible for compliance with this Ordinance while advertising and/or operating a Short-Term Rental.

P. *Owner* – The person or entity that holds legal or equitable title to the Short-Term Rental property.

Q. *Qualified Bedroom* – A habitable space within a dwelling designed or used for sleeping as referred to in the adopted and applicable International Residential Code, that is also FEMA compliant, defined as the elevated living area above the base flood elevation per Federal Emergency Management Agency (FEMA) National Flood Insurance Program (NFIP) standards. Bedrooms not included within the Compliant Living Area Square Footage are not Qualified Bedrooms. To be considered a Qualified Bedroom, the bedroom shall comply with all applicable city-adopted codes, regulations, and Ordinances.

R. *Revocation* - The permanent termination of a Short-Term Rental Registration Number by the City Council following notice and an opportunity for a public hearing, pursuant to Article 5; after which the dwelling is no longer authorized to be offered, advertised, or operated as a Short-Term Rental. No new Short-Term Rental Registration shall be issued for a property subject to revocation unless expressly authorized by a subsequent ordinance adopted by the City Council.

S. *Short-Term Rental (STR)* – A privately owned single-family dwelling rented by the public for consideration, and used for dwelling, lodging or sleeping purposes for any period less than 30 consecutive days which is advertised to be occupied, is occupied,

or is intended to be occupied by a single party of Guests under a single reservation and/or single rental payment.

T. *Short-Term Rental Advertisement* - means any written, printed, digital, electronic, online, or oral communication, posting, listing, or representation that markets, promotes, offers, or makes a dwelling available for use as a Short-Term Rental, regardless of the platform or medium used. The term includes, but is not limited to: listings on Short-Term Rental Platforms; postings on social media sites (including Facebook, Instagram, X/Twitter, TikTok, Nextdoor, and Craigslist); personal or business websites; email distributions; online or printed flyers; and any direct or indirect communication offering the dwelling for transient lodging. A Short-Term Rental Advertisement exists whether or not a reservation is finalized, whether or not consideration is paid, and whether public or private methods are used to offer the rental.

U. *Short-Term Rental Platform* – A person or entity that provides a means through which an Owner may offer a dwelling unit for Short-Term rental use, and from which the person or entity financially benefits.

V. *Short-Term Rental Registration Number* – A registration number issued by the City authorizing the use of a privately owned dwelling as a Short-Term Rental once approved and the Annual Operation Fee is paid.

W. *Short-Term Rental Annual Operation Fee* – A recurring fee established by resolution or fee schedule adopted by the City Council to offset the City's administrative, inspection, enforcement, and Hotel Occupancy Tax collection costs associated with Short-Term Rentals.

X. *Short-Term Rental Registration Application Fee* – A non-refundable application fee established by resolution or fee schedule adopted by the City Council to offset the City's administrative costs associated with processing Short-Term Rental registration applications.

Y. *Suspension of Registration Number* – A temporary loss of authorization to operate the property as a Short-Term Rental. No suspension shall become effective until the Owner has been afforded notice and an opportunity for a public hearing before the City Council as provided in Article 5.A.2. Following the City Council's written order, the order shall be final as to the City and is not subject to further administrative appeal. The order may be appealed only to a court of competent jurisdiction in accordance with Texas Local Government Code Chapter 54. The suspension shall not be stayed during any judicial appeal unless a court of competent jurisdiction issues a specific order granting a stay.

Z. *Verified Violation* –
   1. For guest-caused nuisance violations (including but not limited to noise, trash accumulation, unauthorized parking, or other disturbances as defined in article 1.M (Nuisance Violation), a criminal citation issued by a peace officer constitutes an immediate Verified Violation with no cure period.
   2. For owner- or operator-caused violations (including but not limited to tax delinquency, false registration numbers, failure to respond, or advertising

    violations), except where this Ordinance expressly designates a violation as an immediate Verified Violation with no cure period, a notice of violation, citation, or administrative finding of non-compliance that remains uncorrected after expiration of the applicable cure period established in Section 5.C constitutes a Verified Violation.
3. Any violation expressly designated elsewhere in this Ordinance as an immediate Verified Violation with no cure period, including violations under Sections 4.B.7–9 and 5.D, constitutes a Verified Violation upon occurrence.
4. A criminal conviction for an offense arising from the operation of the Short-Term Rental constitutes a Verified Violation.

## ARTICLE 2 – SHORT-TERM RENTAL REGISTRATION REQUIRED

It shall be unlawful for any person or entity to rent, or offer to rent, any Short-Term Rental without a valid Short-Term Rental Registration Number issued under this Ordinance.

Effective January 1, 2026, only one Short-Term Rental Registration Number will be issued per property.

## ARTICLE 3 – SHORT-TERM RENTAL REGISTRATION AND APPLICATION

A. An Owner shall submit an application for a Short-Term Rental Registration using a format and method promulgated by the City Administrator or designee. The application shall require, at a minimum, the following:
1. The name, address, email and telephone number of the Owner of the Short-Term Rental. If the Owner is an LLC or corporation or any other registered business entity, the name of the entity as listed on the Articles of Incorporation or similar document, and the name, address, email and phone number of the Owner or principal and the registered agent.
2. The name, address, email and telephone number of the Operator of the Short-Term Rental, if applicable.
3. The name, address, email, and 24-hour telephone number of the Local Responsible Party, who must be authorized by the Owner or Operator to make immediate decisions regarding the premises and its occupants, including but not limited to resolving complaints, directing guest behavior, and taking reasonable corrective actions on-site without the need for further Owner approval.
4. The address of the Short-Term Rental.
5. A non-refundable Short-Term Rental Registration Application Fee **in the amount set forth in the City's fee schedule adopted by resolution**
6. The Short-Term Rental Annual Operation Fee **in the amount set forth in the City's fee schedule adopted by resolution** (not prorated).
7. Galveston County Appraisal District Parcel Number for the Short-Term Rental.
8. Compliant Living Area Square Footage for the Short-Term Rental.
9. Number of Qualified Bedrooms for the Short-Term Rental.

10. Maximum Occupancy for the Short-Term Rental based on whichever is less: (a) two (2) persons per Qualified Bedroom plus four (4) additional persons, or (b) Compliant Living Area Square Footage divided by 150 square feet rounded up, in all cases not to exceed the Absolute Maximum Occupancy of twelve (12) persons.
11. Sketch of the floor plan of the Short-Term Rental with room dimension layout of the Compliant Living Area Square Footage.
12. Maximum number of on-site parking spaces.
13. Sketch of the property showing the maximum number of vehicles that may be legally parked on the real property on improved surfaces without encroaching onto the street, sidewalks or alleys, other public rights-of-way, or public property.
14. Acknowledgement of receipt of this Ordinance and agreement to comply with all provisions of this Ordinance as a condition to receiving and maintaining a Short-Term Rental Registration.
15. The Owner shall grant permission to the City with thirty (30) days' notice to perform an on-site inspection of the Short-Term Rental to determine accuracy of the Short-Term Rental Application information or if there has been a written complaint to the City from occupants about the safety of the Short-Term Rental. An Owner and/or operator may refuse to consent to an inspection. In the event the Owner or operator does not authorize the City to enter and inspect the premises, the City is authorized to seek a warrant pursuant to article 18.05 of the Texas Code of Criminal Procedure, as amended. Any warrants issued will constitute authority for the City to enter upon and inspect the Short-Term rental unit described therein.
16. Proof of $1,000,000 general liability insurance.
17. Certificate of Occupancy Requirement
    a) For any dwelling constructed or substantially renovated on or after January 1, 2026, or for which a building permit was required and issued on or after January 1, 2026, the Owner shall provide a copy of a current, valid Certificate of Occupancy issued by the City of Jamaica Beach for the dwelling as a single-family residence as a condition of Short-Term Rental registration or renewal.
    b) For any dwelling constructed or renovated prior to January 1, 2026, or for which no building permit was required or issued on or after January 1, 2026, a Certificate of Occupancy shall not be required for Short-Term Rental registration or renewal under this Ordinance.
18. The Owner or Operator shall maintain a copy of the standard Short-Term Rental Agreement used for the property and shall provide it to the City upon request for verification of required terms. The Agreement is not required to be submitted with the Registration Application unless specifically requested by the City Administrator for compliance review.

B. Once a Short-Term Rental Registration Application is approved, the Owner will be provided with the Short-Term Rental Registration Certificate that includes a unique registration number and the approved Maximum Occupancy.

C. The Short-Term Rental Registration Certificate must be renewed annually by January 31st.
D. The Annual Operation Fee **in the amount set forth in the City's fee schedule adopted by resolution** is due at the time of renewal
E. Failure to pay the Annual Operation Fee within 60 days of the due date will result in expiration of the corresponding Short-Term Rental Registration Number.
F. The Short-Term Rental Registration Number shall expire immediately upon any change in Owner of the Short-Term Rental. Administrative approval may be granted for benign ownership changes, defined as non-substantive title additions such as adding a spouse or transfers to estate planning trusts without change in control.
G. Quarterly Hotel Occupancy Tax Reports must be submitted using the City's method for reporting Hotel Occupancy Tax. Quarterly Reports are required for each Short-Term Rental Registration Number, even if there was no rental activity during the quarter or no tax is due. All platforms utilized for booking must be included on the Hotel Occupancy Tax Report. Quarterly Reports are due on January 20th, April 20th, July 20th and October 20th, for the preceding reporting periods, or as otherwise required by State law. Quarterly Reports are required even when no tax is due, and owners who exclusively use Short-Term Rental Platforms that remit tax on their behalf shall submit the appropriate zero-earnings or platform-only report indicating gross receipts and platform activity for the period.
H. Hotel Occupancy Tax Delinquency and Reporting Failure. A Short-Term Rental Registration Number shall automatically expire if either:
   1. The required Hotel Occupancy Tax Payment is not received by the City within ninety (90) days of the date the tax becomes due under State law; or
   2. The required Hotel Occupancy Tax Report is not submitted to the City within sixty (60) days of its quarterly due date. (i.e. 60 days after January 20th, April 20th, July 20th or October 20th, as applicable).
Late submission of a Hotel Occupancy Tax Report (even if tax is paid on time) and late payment of Hotel Occupancy Tax (even if the Report is filed on time) each constitute separate immediate Verified Violations with no cure period under Section 5.D.
Expiration under this subsection is automatic and does not require prior notice or hearing. The Owner may re-apply for a new Short-Term Rental Registration Number only after: (a) all delinquent Reports are filed; (b) all delinquent Hotel Occupancy Tax Payments, including penalties and interest, are paid; and (c) a new Short-Term Rental Registration Application, Application Fee, and Annual Operation Fee are submitted.
I. The Owner has a duty to notify the City within twenty (20) calendar days, in writing, of any changes to information submitted as part of a Short-Term Rental Registration application under this Ordinance.
J. If a registration number expires, a new application and the Short-Term Rental Registration Application Fee established by City Council resolution will be required, and the Short-Term Rental Annual Operation Fee established by City Council

resolution shall be paid before operation of the Short-Term Rental can recommence. A Short-Term Rental Registration shall not be renewed or reissued while any administrative penalties remain unpaid.

K. A new Short-Term Rental Registration Number will be issued upon renewal and/or expiration.

## ARTICLE 4 – SHORT-TERM RENTAL OPERATIONAL REQUIREMENTS

Violation of any provision of this Article constitutes a violation of this Ordinance.

A. The Owner shall post the Jamaica Beach Short-Term Rental Registration Certificate within the Short-Term Rental in a location visible to all guests and provide each guest the following information in written format:
   1. Short-Term Rental Registration Number assigned by the City of Jamaica Beach for the Short-Term Rental.
   2. Operator name and telephone number.
   3. The Short-Term Rental Maximum Occupancy limit assigned by the City, which shall not exceed the Absolute Maximum Occupancy of twelve (12) persons.
   4. Short-Term Rental Address.
   5. Galveston County Appraisal District Living Area Square Footage that is FEMA compliant.
   6. Number of Approved Qualified Bedrooms.
   7. The number of on-site parking spaces for guests.
   8. Notification that Guests are responsible for compliance with all City of Jamaica Beach applicable laws and Ordinances.
   9. Link or QR Code to the Visitors page on the City of Jamaica Beach official website that includes critical visitor information including quick links to all applicable City Ordinances.
   10. A requirement that the Short-Term Rental Agreement provided to each renter state the City-approved Maximum Occupancy and expressly prohibit occupancy in excess of that amount.

B. The Owner shall operate a Short-Term Rental in compliance with the following:
   1. Zoning regulations prescribed for the zoning district in which such Short-Term Rental is located.
   2. Hotel Occupancy Tax regulations, including collection, reporting and paying of Hotel Occupancy Taxes to the City of Jamaica Beach.
   3. The Local Responsible Party shall arrive on-site within one (1) hour of being contacted by the City or law enforcement and shall take on-site corrective action to resolve the issue within two (2) hours of initial contact. Failure to meet either deadline shall constitute a single immediate Verified Violation with no cure period. The Local Responsible Party must have full authority to act on behalf of the Owner or Operator to address issues at the Short-Term Rental, including directing guests to comply with occupancy limits, noise restrictions, parking rules, or vacate the premises when necessary.

4. All exterior lighting must comply with the most current version of the City Light Ordinance in effect at the time of installation or use, including any amendments adopted by City Council.
5. Compliance with any applicable homeowners' association (HOA) rules or covenants. Nothing in this subsection shall be construed to authorize an HOA to permit a use prohibited by the City or to limit the City's enforcement authority.
6. Guests shall securely bag all trash daily and place it only in approved containers. Overflowing trash, loose trash, or trash placed outside of approved containers shall constitute a Nuisance Violation under this Ordinance. The Owner or Operator is responsible for ensuring that adequate containers are provided and that trash is removed at a frequency sufficient to prevent overflow or nuisance conditions.
7. Mandatory Evacuation and Disaster Declaration. Upon issuance of a mandatory evacuation order by Galveston County, the Governor of Texas, or the Mayor of Jamaica Beach for hurricanes, tropical storms, or other disasters, all Short-Term Rentals shall be immediately evacuated and shall remain unoccupied by guests until the evacuation order is officially lifted.
8. No new short-term bookings or rentals shall be permitted during any period in which a local, county, or state disaster declaration remains in effect for the City of Jamaica Beach or West Galveston Island.
9. No existing short-term bookings may be occupied during any period in which a disaster declaration is in effect. All short-term reservations that overlap with a mandatory evacuation order or disaster declaration period shall be cancelled or rescheduled by the Owner or Operator. This restriction does not prohibit the Owner from entering into a bona fide long-term lease of thirty (30) days or more during such period.

C. Any advertisement shall only reference Qualified Bedrooms and shall not state, depict, or imply bed counts, sleeping arrangements, or "sleeps" capacity that would accommodate more persons than the approved Maximum Occupancy or the Absolute Maximum Occupancy of twelve (12) persons, whichever is lesser. Bed configurations, photographs, and descriptions used for marketing shall be consistent with the approved Maximum Occupancy.

D. *Short-Term Rental Agreement Retention and Production* - The Owner or Operator shall retain a copy of the Short-Term Rental Agreement for each rental for at least two (2) years and shall provide any such Agreement to the City within three (3) business days of a written request. Failure to provide the Agreement upon request constitutes an Owner-caused violation subject to a ten (10) day cure period.

E. Owner Responsibility for Platform Listings.
1. No Owner or Operator shall advertise or offer a Short-Term Rental on any Short-Term Rental Platform unless the listing prominently displays the City-issued Short-Term Rental Registration Number associated with that property.
2. Upon the City Council's final written order imposing suspension or revocation of a Short-Term Rental Registration Number, the Owner or Operator shall, within

      forty-eight (48) hours, remove or disable all advertisements and listings for the property on all Short-Term Rental Platforms and shall not accept or honor any new Short-Term Rental bookings during the period of suspension or revocation. Upon written notice from the City that a Short-Term Rental Registration Number has expired, is invalid, or that no valid registration exists for the property, the Owner or Operator shall likewise, within forty-eight (48) hours, remove or disable all advertisements and listings and shall not accept or honor any new Short-Term Rental bookings unless and until a valid registration is issued.

3. Failure of the Owner or Operator to remove or disable listings and cease accepting new bookings within forty-eight (48) hours as required by subsection (2) constitutes an immediate Verified Violation with no cure period under Section 5.D.4 and may result in suspension or revocation.
4. The City may provide written notice to any Short-Term Rental Platform that a particular registration number is invalid, expired, suspended, revoked or no valid registration number exists for the property. Nothing in this subsection shall be construed to:
    a) impose any independent duty, civil liability, or regulatory obligation on any Short-Term Rental Platform; or
    b) create any private cause of action against a Short-Term Rental Platform arising from its hosting, display, or removal of listings.
5. Offering, advertising, promoting, listing, or making available a dwelling for use as a Short-Term Rental during any period in which the property is suspended, expired, unregistered, or otherwise prohibited from operation is a violation of this Ordinance. Each day that such offering or advertisement remains active constitutes a separate immediate Verified Violation with no cure period.

F. All signs, banners, or other displays must comply with the most current version of the City Sign Ordinance in effect at the time of installation or display, including any amendments adopted by City Council.

**ARTICLE 5 – ADMINISTRATIVE ENFORCEMENT AND PENALTIES**

A. Three-Strike Rule: A Short-Term Rental Registration Number shall be suspended by the City for six (6) months upon three (3) or more Verified Violations within any rolling twelve (12) month period. A fourth Verified Violation within twelve (12) months after return from suspension may result in permanent revocation by the City Council after notice and hearing. Revocation is an extraordinary remedy intended to address a demonstrated pattern of persistent noncompliance and shall be imposed only upon a finding by the City Council that lesser enforcement measures, including suspension, have proven ineffective to protect the public health, safety, and welfare.
   1. *One Incident = One Strike*: For Guest-caused conduct, all violations arising from the same incident, event, or continuous twenty-four (24) hour period shall be

counted as a single Verified Violation for purposes of the Three-Strike Rule. This subsection does not apply to violations listed in Section 5.D or to Owner- or Operator-caused administrative or reporting violations (including delinquent Hotel Occupancy Tax, failure to remove listings after suspension, or false registration information), which may each be counted as separate Verified Violations. However, for any single incident, event, or continuous twenty-four (24) hour period, the maximum number of Verified Violations shall not exceed two (2), even if multiple 5.D violations occur.

2. *Pre-Suspension Hearing Before City Council*. Upon the accumulation of three (3) Verified Violations within any rolling twelve (12) month period, the City Administrator shall provide written notice to the Owner and schedule a public hearing before the City Council at its next regular meeting (or a special meeting if necessary), with at least ten (10) calendar days' notice. At the hearing, the Owner may present evidence, witnesses, and mitigating circumstances (including good-faith efforts to prevent or correct violations). The City Council shall determine whether to impose the suspension, reduce the penalty, or dismiss one or more Verified Violations. The City Council's written order shall be final as to the City and may be appealed only as provided in Article 5.I.

3. Pre-Suspension Hearing Procedures:
    a) *Nature of Proceeding*: This is an informal administrative hearing, not a court trial. The purpose of the hearing is to determine whether substantial evidence supports the existence of three (3) Verified Violations within the applicable twelve (12)-month period and, if so, whether the circumstances warrant imposition, modification, or dismissal of the proposed suspension.
    b) *Presiding Officer*: The Mayor (or Mayor Pro Tem in the Mayor's absence) shall preside and may reasonably limit the time, scope, and manner of presentations to prevent repetition, harassment, or delay.
    c) *Time Limits*: Each side shall have up to fifteen (15) minutes to present its case, including any questions. The presiding officer may grant additional time for good cause.
    d) *Presentation by City*: City staff shall present a brief summary, either written or oral, of the Verified Violations and supporting records. Staff are not required to respond to legal arguments or hypothetical questions.
    e) *Presentation by Owner*: The Owner, or the Owner's counsel, may speak, submit documents, and ask brief clarifying questions of staff regarding the City's records. ==Cross-examination of staff, peace officers, or other witnesses is not permitted.==
    f) *Evidence*: Strict rules of evidence do not apply. The City Council may consider the City's records, staff reports, and any materials submitted by the Owner.

g) *Decision*: After both sides have been heard, the City Council shall deliberate and may, by written order:
   1. uphold the suspension as noticed;
   2. reduce the length of the suspension;
   3. dismiss one or more Verified Violations;
   4. decline to impose a suspension if the City Council finds insufficient evidence or mitigating circumstances; or
   5. take any other action expressly authorized by this Ordinance.

   The written order shall be final as to the City and may be appealed only to a court of competent jurisdiction in accordance with Texas Local Government Code Chapter 54.

h) *Standard of Review*: The City Council shall apply the substantial evidence standard, meaning the City Council may uphold a suspension if the City's records contain relevant evidence that a reasonable person could accept as adequate to support the Verified Violations.

B. *Cure Periods Established*: Guest-caused nuisance violations documented by criminal citation have no cure period. Owner- or Operator-caused violations (other than those listed in Section 5.C or that constitute an Imminent Safety Concern) shall have a ten (10) calendar day cure period from written notice. If the violation is fully corrected within the cure period, no Verified Violation shall be recorded.

C. Violations with No Cure Period: The following violations shall constitute an immediate Verified Violation with no cure period and may constitute grounds for suspension under Article 5.A.2:
   1. Operating a Short-Term Rental without a valid Registration Number.
   2. Advertising, listing, or offering a Short-Term Rental with a stated, depicted, or implied occupancy exceeding the approved Maximum Occupancy or the Absolute Maximum Occupancy of twelve (12) persons shall have one (1) single lifetime cure period for the first advertising violation after initial registration under this Ordinance. If the Owner or Operator fully corrects the advertising violation within ten (10) calendar days of written notice, no Verified Violation shall be recorded. Any second or subsequent advertising violation at any time after the one-time cure period has been used shall constitute an immediate Verified Violation with no cure period, and each day the violation remains uncorrected after written notice shall constitute a separate immediate Verified Violation.
   3. Knowingly using, displaying, or advertising a false, fictitious, or fraudulent Short-Term Rental Registration Number.
   4. Failure to remove the property from all Short-Term Rental Platforms within forty-eight (48) hours after a suspension or revocation becomes final following a City Council hearing and issuance of a written order.

5. Any condition determined by the Fire Marshal, Building Official, Code Enforcement Officer, or a peace officer to constitute an Imminent Safety Concern.
6. A second or subsequent violation of the same provision within any twelve (12) month period when the first occurrence resulted in suspension.
7. Operation of a Short-Term Rental or failure to evacuate guests during a mandatory evacuation or declared disaster in violation of Article 4.B.7–9.
8. ==Failure of the Local Responsible Party to arrive on-site within one (1) hour and take on-site corrective action to resolve the issue within two (2) hours of being contacted by the City or law enforcement.==
9. Failure to submit a required Hotel Occupancy Tax Report within sixty (60) days of its quarterly due date, or failure to remit the required Hotel Occupancy Tax Payment within ninety (90) days of the date the tax becomes due under State law.

D. Examples of Verified Violations (non-exclusive):
1. Violations of this Ordinance or the Hotel Occupancy Tax Ordinance that remain uncorrected after the cure period.
2. ==Criminal citations issued for violations of this Ordinance,== the most current version of the City Noise Ordinance in effect at the time of the violation, Texas Penal Code § 42.01 (Disorderly Conduct), or the most current version of the City Intruding on Premises Ordinance in effect at the time of the violation.
3. Failure of the Local Responsible Party to meet response or remediation timelines.
4. False or misleading advertising after the cure period.
5. Delinquent Hotel Occupancy Tax exceeding 90 days.
6. Open code violations not corrected within the allotted time.
7. Nuisance Violations documented by criminal citation.

E. *False Registration Number*: Knowingly using, displaying, or advertising a false, fictitious, or fraudulent Short-Term Rental Registration Number is prohibited. Upon determination by the City Administrator or designee that a false, fictitious, or fraudulent registration number is being used, the registration (if any) shall be subject to suspension without cure period in accordance with Article 5.A.2, and the property shall be removed from all Short-Term Rental Platforms until the violation is corrected and any resulting suspension period has been served. Each day such false number is displayed or used shall constitute a separate offense subject to the maximum civil penalty allowed by law and as provided in Article 5.L.

F. *Guest Conduct*: Violations committed by tenants, guests, or occupants arising from the use or occupancy of the property as a Short-Term Rental shall be deemed a violation by the Owner or Operator for purposes of administrative enforcement, including the accumulation of Verified Violations under Article 5.A–B. This includes, but is not limited to, noise violations, disorderly conduct under Texas Penal Code §42.01, public safety hazards, and violations of posted STR rules.

1. **Strict Liability:** The Owner or Operator is strictly liable for such violations regardless of prior knowledge, notice, intent, or the outcome of any criminal proceeding. Lack of knowledge or failure to compel guest compliance (including court appearances) is not a defense.
2. **Independence from Criminal Outcomes:** A criminal citation constitutes substantial evidence of a Verified Violation, independent of any dismissal, deferred adjudication, plea, acquittal, or guest failure to appear under Texas Local Government Code §54.001 and Texas Government Code §2001.218.
3. Failure of a guest, tenant, or occupant to appear in municipal court for a citation arising from the use or occupancy of a Short-Term Rental shall not constitute a separate Verified Violation but shall serve as independent administrative evidence supporting the original Verified Violation. This determination is civil and regulatory in nature and operates independently of any criminal disposition. A criminal dismissal, dismissal for want of prosecution (DWOP), non-prosecution, deferred adjudication, plea agreement, or other criminal disposition based on the guest's failure to appear shall not negate, invalidate, or require removal of the Verified Violation for administrative purposes.

G. *Code Compliance:* Any property with active code violations is ineligible for registration or renewal until corrected and verified.
   1. For non-imminent violations, Owners have sixty (60) calendar days from notice to correct, with extensions for good cause shown in writing.
   2. Imminent Safety Concerns constitute grounds for suspension under Article 5.A.2.

H. *Notice of Violations:*
   1. *Owner-Caused or Operator-Caused Violations (violations that carry a cure period):* For any violation committed by the Owner, Operator, or Local Responsible Party — including, but not limited to, advertising violations, failure to display a valid registration number, failure of the Local Responsible Party to respond, insurance lapses, or other administrative or registration violations for which this Ordinance provides a cure period — the City shall send written notice of the violation to the Owner by email (with certified mail as backup documentation) within fifteen (15) business days of the City's discovery or determination of the violation.
   This subsection applies only to Owner- or Operator-caused violations for which this Ordinance expressly provides a cure period and does not apply to violations designated as immediate Verified Violations with no cure period or to automatic expirations under Article 3.
   The applicable cure period, if any, begins on the date the email is sent

   2. *Guest-Caused Violations Documented by Criminal Citation (no cure period)* When a peace officer issues a criminal citation to a guest, occupant, or other person (not the Owner or Operator) for noise, disorderly conduct, parking,

   trash, fire-code, or any other nuisance or criminal offense arising from the use of the property as a Short-Term Rental, No notice to the Owner is required before the citation is recorded as a Verified Violation. Administrative notice may be provided after recording as described in subsection 5.H.3 and 5.H.4. The issuance of the citation itself constitutes substantial evidence of a Verified Violation under Texas Local Government Code § 54.001, and these violations in this category have no cure period.
   3. *Administrative Notice of Guest-Caused Verified Violations* - When a guest-caused violation is documented by a criminal citation and recorded as a Verified Violation under this Ordinance, the City shall provide written notice to the Owner stating only that a Verified Violation has been recorded for administrative purposes. The notice shall not include criminal case details, guest-identifying information, citation numbers, or any information regarding the criminal prosecution. The issuance of the administrative notice does not constitute disclosure of criminal justice information and does not affect the independence of the criminal proceeding.
   4. Administrative notice under this subsection is provided solely to inform the Owner of the status of their Short-Term Rental Registration and to allow voluntary corrective or preventive actions by the Owner or Operator.
   5. *General Rule* - The City's administrative recording of a Verified Violation for guest conduct is independent of any criminal prosecution and is not affected by the disposition of the criminal case.
I. *Judicial Appeal*: Any final written order of suspension or revocation issued by the City Council under Article 5.A may be appealed directly to a court of competent jurisdiction (municipal or district court) in accordance with Texas Local Government Code Chapter 54. Appeals are limited to whether substantial evidence supports the City Council's findings and shall not require a criminal conviction or permit re-litigation of guest conduct, factual determinations, or enforcement officer observations. No further administrative appeal within the City (including to the City Administrator or City Council) shall be available following the pre-suspension hearing required by Article 5.A.2.
J. *Platform Notification*: The City shall notify Short-Term Rental Platforms to remove listings only after a suspension or revocation becomes final.
K. *Penalties*: Administrative Penalties. Each day of violation after written notice constitutes a separate civil offense, punishable by an administrative penalty of up to $500 per day, not to exceed $5,000 per incident. These administrative penalties are in addition to any other remedy available to the City, including suspension or revocation of the Short-Term Rental Registration.
L. *Criminal Penalties*: Criminal enforcement for violations of this Ordinance or any other applicable City ordinance remains available under Texas Local Government Code §54.001, and criminal penalties shall be prosecuted as Class C misdemeanors as provided by law.
M. *Enforcement Approach*: This Ordinance establishes an enforcement system to balance effective regulation with administrative efficiency:

1. Guest nuisances (noise, parking, trash, disturbances) shall be enforced primarily through criminal citations by peace officers. Each citation constitutes one Verified Violation/strike against the Short-Term Rental registration. This administrative determination is independent of any criminal court disposition under Texas Local Government Code §54.001 and Texas Government Code §2001.218.
2. Owner/operator violations (taxes, registration, advertising, Local Responsible Party failures) shall be enforced through administrative process with applicable cure periods.
3. Safety and disaster violations constitute grounds for immediate suspension under Article 5.A.2.
4. The City Administrator shall maintain a strike log available for public inspection at City Hall or by public information request showing Verified Violations by registration number, violation type, and date. Listings in the strike log reflect administrative regulatory determinations only and do not constitute findings of criminal guilt or civil liability.

N. Failure to pay any administrative penalty within thirty (30) calendar days of the date due shall constitute a separate Verified Violation. Each unpaid administrative penalty may be considered independently for purposes of suspension or revocation. The City is not required to initiate judicial collection efforts or file suit for recovery of the unpaid penalty as a condition of issuing a Verified Violation or suspending the Short-Term Rental Registration Number.

**ARTICLE 6** – GENERAL PROVISIONS

A. *Severability*. It is hereby declared to be the intention of the City Council that the sections, paragraphs, sentences, clauses, and phrases of this Ordinance are severable, and if any phrase, clause, sentence, paragraph, or section of this Ordinance is declared invalid by the final judgment of a court of competent jurisdiction, such invalidity shall not affect the remaining portions of this Ordinance, which shall continue in full force and effect.
B. *Repealer*: All ordinances or parts of ordinances in conflict with this Ordinance are hereby repealed to the extent of such conflict.
C. *Savings and Transition*:
   1. Existing Registrations. Existing registrations issued under Ordinance 2025-03 remain valid until their stated expiration or renewal date, whichever occurs first, at which time compliance with this Ordinance is required.
   2. Ongoing Violations. Any violation of Ordinance 2025-03 that results from a condition that remains uncorrected as of December 31, 2025—including but not limited to failure to register, delinquent hotel occupancy tax, failure to display a registration number, or advertising violations—may be recorded as one (1) Verified Violation for administrative enforcement purposes under this Ordinance. This subsection applies only to violations that are ongoing on or after

      the effective date and does not apply to conduct that was fully corrected prior to January 1, 2026.

3. For purposes of subsection 6.C.2, a violation is "uncured" if the condition that gave rise to the citation or notice of violation still exists on December 31, 2025. This provision applies only to ongoing non-compliance and does not retroactively alter or increase penalties for conduct fully resolved prior to that date.
4. Pending Criminal Cases. Criminal citations issued prior to January 1, 2026, shall continue under Ordinance 2025-03 until resolved. Such citations shall not interfere with administrative enforcement under subsection 6.C.2; however, the existence of pending criminal proceedings may be considered by the City Council or City Administrator in determining whether and when to record or act upon a Verified Violation.
5. Petition for Removal. Notwithstanding subsections 6.C.2 and 6.C.4, any owner may petition the City Administrator in writing no later than March 31, 2026, for removal of a Verified Violation carried forward under subsection 6.C.2 upon proof of correction and payment.
6. No Retroactive Penalties. Nothing in this Section shall be construed to retroactively increase penalties for conduct occurring prior to January 1, 2026.
7. Administrative enforcement under this Ordinance is civil and regulatory and operates independently of any criminal prosecution or court disposition.

D. *Transition Period Authorization*: Following adoption of this Ordinance and prior to its effective date of January 1, 2026, the City Administrator or designee is authorized to accept and process Short-Term Rental registration applications and renewals in anticipation of this Ordinance becoming effective. Any registration or renewal approved during this transition period shall be deemed issued pursuant to this Ordinance and shall become valid and enforceable on January 1, 2026. Applicants approved during the transition period shall be required to comply with all applicable provisions of this Ordinance upon its effective date, and no vested right shall arise under Ordinance 2025-03 for any registration or renewal approved during the transition period.

E. *Effective Date*: This Ordinance shall take effect after adoption and publication as required by law. Any reference in this Ordinance to "January 1, 2026" as the effective, enforceable, or operative date shall be construed to mean the effective date established by this subsection.

F. *Independence of Administrative and Criminal Enforcement:* The administrative enforcement provisions of this Ordinance are civil and regulatory in nature and operate independently of any criminal investigation or prosecution. A criminal dismissal, deferred adjudication, plea agreement, or other disposition shall not preclude the City from determining that a Verified Violation occurred for purposes of registration, suspension, or revocation.

G. *Classification of Use*: For purposes of this Ordinance, Short-Term Rentals involve a commercial lodging activity with transient occupancy and are reasonably

distinguishable, for regulatory purposes, from permanent residential uses or Long-Term Rentals.

H. *Fee Schedule*: The City Council may, from time to time, adopt or amend by resolution a schedule of fees applicable to Short-Term Rental registration and annual operation. The fees in effect on the date a Short-Term Rental Registration Application is submitted, or on the date a renewal becomes due, shall apply. All such fees shall be reasonably related to the City's administrative, inspection, enforcement, and Hotel Occupancy Tax collection costs associated with Short-Term Rentals.

PASSED, APPROVED, AND ADOPTED this 8th day of January 2026.

_____
Mary Morse
Mayor

ATTEST:

_____
Courtney Gonzales
City Secretary